HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WINEPRESS PUBLISHING d/b/a PLEASANT WORD,<br><br>           Plaintiff,<br><br>     v.<br><br>MARK LEVINE,<br><br>           Defendant. | CASE NO. C09-593RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendant Mark Levine's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dkt. # 18. Mr. Levine requested oral argument; Plaintiff WinePress Publishing, which does business as "Pleasant Word," did not. The court finds this motion suitable for disposition based solely on the parties' briefing and supporting evidence. For the reasons stated below, the court DENIES Mr. Levine's motion for Rule 11 sanctions.

## II. BACKGROUND

The court resolved the case underlying this motion over seven months ago. A short summary of that case is as follows. Mr. Levine is the author of "The Fine Print Of Self-Publishing," which is subtitled "The Contracts & Services of 45 Self-Publishing Companies – Analyzed, Ranked & Exposed" (hereinafter "Fine Print"). Pleasant Word is one of the 45 self-publishing companies rated in Fine Print. Mr. Levine gave Pleasant

ORDER – 1

Word an unfavorable "Avoid" rating in Fine Print, alleging dishonesty in Pleasant Word's disclosure of printing costs. Unsatisfied with its rating, Pleasant Word filed a complaint for defamation against Mr. Levine in the King County Superior Court on April 1, 2009. The case was removed to this court on April 30, 2009. Dkt. # 1. Mr. Levine moved for summary judgment on July 2, 2009. Dkt. # 8.

On November 9, 2009, this court granted Mr. Levine's summary judgment motion, dismissed Pleasant Word's claims with prejudice, and entered judgment for Mr. Levine. Dkt. # 16 ("November Order"). The court found that the statements challenged as defamatory were "either factually accurate or within the scope of non-actionable opinion," and that "[i]n context, Mr. Levine's assertions of dishonesty are not merely opinions, they are opinions whose bases he fully discloses." November Order at 8, 9. In short, the court held that "[a]bsent evidence of false statements, [Pleasant Word] has no recourse in law." *Id.* at 10. The court similarly disposed of Pleasant Word's remaining claims for intentional interference with a business expectancy and depicting the business in a false light. *Id.* at 11.

On March 25, 2010, over four months after the court entered judgment, Mr. Levine filed a Rule 11 motion. Dkt. # 18. Mr. Levine contends that Pleasant Word's complaint was not well grounded in fact, that its claims were legally frivolous, and that the complaint was filed for an improper purpose, namely to harass Mr. Levine and to serve as a public relations tool for Pleasant Word. Mr. Levine seeks attorney's fees and costs pursuant to Rule 11(c)(4).

The court now turns to Mr. Levine's motion for Rule 11 sanctions.

### III.  ANALYSIS

Rule 11 requires that claims not be brought for an improper purpose, that claims be warranted by existing law or by a nonfrivolous argument for extending, modifying, reversing, or establishing new law; and that factual contentions have evidentiary support or will likely have such support after a reasonable opportunity for further investigation or

ORDER – 2

discovery.  Fed. R. Civ. P. 11(b).  Courts may impose sanctions on attorneys, law firms, or parties in violation of the Rule.  Fed. R. Civ. P. 11(c)(1).  A party may move for Rule 11 sanctions subject to several procedural requirements:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

The 21-day grace period was added to Rule 11 in 1993 and is also known as the Rule 11 "safe harbor."  Fed. R. Civ. P. 11 advisory committee's note.  The safe harbor provision is intended to ensure that a party "will not be subject to sanctions on the basis of another party's motion unless, *after receiving the motion*, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."  *Id.* (emphasis added).  The safe harbor procedures set forth in Rule 11 are mandatory.  *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (citing *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998)).  A party moving for Rule 11 sanctions must give formal notice to the opposing party by motion; informal notice by letter or warning does not suffice.  *See Radcliffe*, 254 F.3d at 789; *Barber*, 146 F.3d at 710.  Failure to provide the required 21-day notice precludes an award of Rule 11 sanctions.  *Winterrowd v. Am. Gen. Annuity Ins.*, 556 F.3d 815, 826 (9th Cir. 2009).

Parties "cannot wait until after summary judgment to move for sanctions under Rule 11."  *Barber*, 146 F.3d at 711 (citing *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997)).  The court on its own initiative may take action under Rule 11 after judgment, but the parties cannot.  *Radcliffe*, 254 F.3d at 789; *Barber*, 146 F.3d at 711.

Here, Mr. Levine served his Rule 11 sanctions motion upon Pleasant Word's counsel at the same time he filed it with the court.  Pleasant Word thus had no opportunity to correct or withdraw the "baseless complaint" that allegedly violated Rule

ORDER – 3

11. Mr. Levine's failure to provide 21 days' notice as required by Rule 11's safe harbor provision forecloses his opportunity to recover attorney fees and costs under Rule 11. Even if, as Mr. Levine claims, Pleasant Word "intended not to accept, and would have waived, the 'safe harbor' of Rule 11(c)(2)," Pleasant Word had no chance to do so because it did not receive adequate notice of the Rule 11 motion.

Even if Mr. Levine had followed the safe harbor procedures set forth in Rule 11, the court would deny the motion because it was filed months after the court had granted summary judgment in Mr. Levine's favor and after the appeal deadline had passed. Pleasant Word cannot now correct or withdraw the allegations at issue in this matter, regardless of whether it had received 21 days' notice of Mr. Levine's motion for Rule 11 sanctions. Mr. Levine should have moved for sanctions before judgment was entered; he cannot spring the motion on Pleasant Word after summary judgment. Indeed, nothing prevented Mr. Levine from bringing this motion soon after Pleasant Word filed its complaint.

As Mr. Levine's Rule 11 motion is procedurally flawed, it is unnecessary to consider whether the motion met the substantive requirements imposed by Rule 11. Pleasant Word's claims may or may not have been "baseless," but even a showing of baselessness or frivolity does not save a motion that fails to follow basic procedural requirements.

Rule 11 permits the court in appropriate circumstances to "award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). However, the appropriate remedy for a party's failure to satisfy Rule 11's safe harbor provision is a denial of its Rule 11 sanctions request, not imposition of sanctions against it. *Holgate v. Baldwin*, 425 F.3d 671, 680 (9th Cir. 2005). The court could sanction Mr. Levine for filing his motion long after judgment, but finds that remedy inappropriate in this case.

ORDER – 4

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Mr. Levine's motion for Rule 11 sanctions (Dkt. # 18).

DATED this 21st day of June, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5